FREEDOM WATCH, INC., Appellant

v.

Barack Hussein OBAMA, Honorable, President of the United States of America; as De Facto Chairman of the Defendant Advisory Committee, et al., Appellees.

No. 13–5109.

United States Court of Appeals, District of Columbia Circuit.

Feb. 21, 2014.

Rehearing En Banc Denied April 9, 2014.

Larry Elliott Klayman, Klayman Law Firm, Washington, DC, for Appellant.

Stuart F. Delery, Alisa B. Klein, Mark B. Stern, Beth S. Brinkmann, U.S. Department of Justice, Washington, DC, Ronald C. Machen, Jr., Esquire, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: GARLAND, Chief Judge, SRINIVASAN, Circuit Judge, and SENTELLE, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. RULE 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. RULE 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the district court's order entered March 15, 2013 be affirmed.

The plaintiff in this case contends that it is entitled to access to the minutes of meetings of the alleged "Obama Health Reform De Facto Advisory Committee," based on the Federal Advisory Committee Act, 5 U.S.C. APP. 2. The district court granted summary judgment to the defendants and denied the plaintiff's motion for discovery. *See* FED.R.CIV.P. 56(a), (d).

The plaintiff has failed to show that there is a genuine issue of material fact as to whether the "Obama Health Reform De Facto Advisory Committee" existed. The only evidence is to the contrary. Summary judgment was therefore appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that "[t]he moving party is entitled to a judgment as a matter of law [when] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof" (internal quotation marks omitted)).

The plaintiff also failed to show that the district court should have afforded it discovery under Rule 56(d). Refusal to grant a request under Rule 56(d) is reviewed for abuse of discretion. *See Messina v. Krakower*, 439 F.3d 755, 762 (D.C.Cir.2006). The district court did not abuse its discretion in denying discovery because plaintiff at best "offered only a conclusory assertion without any supporting facts to justify the proposition that the discovery sought [would] produce the evidence required." *Id.* (internal quotation marks omitted). Indeed, the plaintiff did not even go so far as to make a conclusory assertion. Instead, it simply stated that "[w]ithout discovery . . . , Plaintiff is unable to justify its opposition to" summary judgment. Klayman Aff. ¶ 3 (J.A. 217).

**2**

Pursuant to D.C. CIR. RULE 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41(a)(1).